# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): Eduard Orta Ruiz | COUNTY   Essex |
|---|---|

ADDRESS:   10 Almont Street

Methuen, MA 01844

DEFENDANT(S): STEPHEN ZANNI, CITY OF METHUEN, ALEXANDER RICHMOND, DARIO MANON, LISA KASHINSKY, and CNHI, INC.

ATTORNEY:   Daniel M. Hutton, Esq

ADDRESS:   2 Cabot Place, Unit 7

Stoughton MA 02072

ADDRESS:   90 LOWELL ST

LAWRENCE, MA   01840

BBO:   631845

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | Tortious action vs Municipality, and individuals | A | ☒ YES    ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?
☐ YES   ☒ NO

Is this a class action under Mass. R. Civ. P. 23?
☐ YES   ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................................................... $3,000.00
2. Total doctor expenses ...................................................................................... $4,200.00
3. Total chiropractic expenses .............................................................................. $
4. Total physical therapy expenses ....................................................................... $
5. Total other expenses (describe below) .............................................................. $
psychological depression treatment                                    Subtotal (A): $7,100.00
B. Documented lost wages and compensation to date ............................................... $
C. Documented property damages to date .................................................................. $30,000.00
D. Reasonably anticipated future medical and hospital expenses ............................... $
E. Reasonably anticipated lost wages ......................................................................... $
F. Other documented items of damages (describe below) ........................................... $

Per Medical Doctor, heart condition may require electric shock therapy or surgery in the future, See D above.

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
False Arrest and publication with reckless, willful disregard of facts caused Plaintiff to suffer stress resulting in

Heart Condition (Atrial Fibrillation) and Depression. The Conditions are ongoing with possibility of heart surgery.         TOTAL (A-F): $39,300.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X _(signature)_                    Date: 8·18·2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _(signature)_                    Date: 8·18·2020

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO: 2022CV00834

EDUARD ORTA RUIZ,  )
        *Plaintiff*  )
          )
v.  )
          )
STEVEN ZANNI, individually and  )
in his official capacity as the Mayor  )
 of Methuen,  )
CITY OF METHUEN,  )
ALEXANDER RICHMOND,  )
DARIO MANON,  )
LISA KASHINSKY,  and  )
CNHI. INC.,  )
        *Defendants*  )

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

FILED
ESSEX SUPERIOR COURT
2020 AUG 18 P 1:21

### PARTIES

1. Plaintiff, Eduard Orta Ruiz, is an individual residing who resides at 10 Almont Street, Methuen Essex County, Massachusetts.

2. Defendant, Steven Zanni, is a natural person who resides within the Commonwealth of Massachusetts.

3. Defendant City of Methuen, is a municipality organized the under law of the Commonwealth of Massachusetts, is a public employer, and has a principle place of business at Searles Building 41 Pleasant St, Methuen, Essex County, Massachusetts.

4. That on or about August 5, 2019, as a result of the injuries, Plaintiff served notice to the City of Methuen pursuant to Massachusetts General Laws, Chapter 258, section 4, that he intended to hold the City of Methuen liable for the injuries he sustained. (A true and accurate copy is attached as exhibit 1).

5. Defendant, Alexander Richmond, is a police officer employed at all times relevant to this Complaint by the City of Methuent.

6. Defendant, Dario Manon, is a police officer employed at all times relevant to this Complaint by the City of Lawrence.

7. Defendant, Lisa Kashinsky, is a natural person who resides within the Commonwealth of Massachusetts.

8. Defendant, CNHI. INC., (hereinafter, "The EAGLE TRIBUNE") is a corporation duly organized under the law of the Delaware with a regular place of 201 Monroe Street, Ste. 450 Montgomery, AL 36104 and has a registered agent, CT Corporation, which is located at 155 Federal Street, Ste 700, Boston, Suffolk County, Massachusetts. It merged with the Eagle Tribune in 2017.

## FACTUAL ALLEGATIONS

9. On or about August 19, 2017, one Bin Qiu was the victim of an assault and an attempted armed robbery at gunpoint while she was standing outside of her vehicle Outside the China Star Restaurant.

10. Ms. Qiu's husband, Daniel Nunez, briefly struggled with the would be robber until the robber broke free and fled.

11. According to Ms. Qiu and/or other witnesses, the assailant and would be robber was a large dark skinned large Hispanic male.

12. Mr. Nunez indicated the attempted robber was about 5'10".

13. Members of the Methuen Police began looking for the suspect.

14. Methuen Police Officer Christine Nicolosi and K-9 "Kilo" the German Shephard, tracked the would be robber and eventually found a sweatshirt and pants in the front of the premises known as 249 Ferry St, Methuen, MA.

15. Plaintiff, Eduard Orta Ruiz, opened his door just Methuen Police were in the process of using force to enter Plaintiff's second floor premises 249 Ferry St, Methuen, MA.

16. Plaintiff, Eduard Orta Ruiz, a resident of 249 Ferry St, Methuen, MA.

17. Plaintiff, Eduard Orta Ruiz, is light skinned Caucasian (he has a German-American mother) and is 6'0" tall.

18. At all times relevant, Mr. Orta Ruiz was in his then home at 249 Ferry St, Methuen, MA and wearing an electronic bracelet provided by 3M Electronic Monitoring.

19. 3M Electronic Monitoring 's employee via the telephone informed the Police that Plaintiff, Eduard Orta Ruiz, had been inside of his premises at all times relevant to the attempted robbery.

20. Specifically, the plice were told that monitor's GPS tracking showed that Mr. Orta Ruiz had been for the entire relevant period within the 38 foot area that he was allowed to be.

21. Mr. Orta Ruiz, overheard a police officer stating that the suspect was a dark skinned Hispanic male.

22. When told by the police he fit the description of the suspect, Mr. Orta Ruiz inquired how so?

23. The response was he was a large Hispanic male.

24. This perplexed Mr. Orta Ruiz as he speaks without a Spanish accent and does not physically resemble a stereotypical person of Hispanic [1] background. Mr. Ortiz argued that the only way the victim could have known he was Hispanic, is if she had had access to his name, which had he actually been the would be robber he would never have provided the victim.

25. Methuen Police, had overwhelming evidence (ankle monitoring device and description of dark skinned suspect) that Plaintiff, Eduard Orta Ruiz, was not the would be robber.

26. Defendant, Officer Alexander Richmond, arrested Plaintiff, Eduard Orta Ruiz.

27. Defendant Officer Manon, first name believed to be Dario, arrested Plaintiff, Eduard Orta Ruiz.

28. On or about August 23, 2017, the Eagle Tribune's, Defendant, Lisa Kashinsky, published an article on the incident.

29. Defendant Mayor, Stephen Zanni, called the police dog-led arrest "[A]nother proud moment for the City of Methuen as a DANGEROUS suspect has been taken off of the streets."

30. Defendant, Lisa Kashinsky of the Eagle Tribune, noted that Plaintiff's Pretrial Conference was in September.

31. The criminal charges ( Docket Number:1718 CR003991) against Plaintiff, Eduard Orta Ruiz, were dismissed by the Superior Court.

32. At the time of dismissal, the Court (judge) commented to Plaintiff, Eduard Orta Ruiz, stating "I know you dislike having the ankle bracelet, this one time it saved your life. I do apologize this happened to you, you don't even fit the description (of the suspect).

33. Defendant, Lisa Kashinsky, nor any other writer of Defendant, the Eagle Tribune's Staff, ever printed a retraction or a follow up article on this matter regarding Plaintiff's not being DANGEROUS and being innocent.

34. Plaintiff, Eduard Orta Ruiz, as a direct result of the publicity regarding the false allegations that began with his arrest and ending with the article published by Defendant, Eagle Tribune, moved to a different residence,

## COUNT I

1 In the U.S. And the rest of the world, Latin Americans are incorrectly perceived as a race with a stereotypical mixed race appearance personified by a Mestizo or Mulatto look, which conjures up and image of a person with brown skin, dark eyes and dark hair when in actuality Latinos are an ethnicity made up of numerous races and not just mixed race peoples, It's because of this reason that more often than not White, Black, Asian, and to a lesser extent Indigenous Latinos are underrepresented or entirely dismissed in society when it comes to Latino narrative as it is incorrectly believed that they don't belong to Latin culture or the Latino identity.
https://en.wikipedia.org/wiki/Stereotypes of_Hispanic_ and_Latino_Americans_in_the_United_States

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS  V.  CITY OF METHUEN

35. Plaintiff, Eduard Orta Ruiz, incorporates by reference the allegations set forth in paragraphs 1 through **34** of this Complaint as if set out in full herein.

36. At all relevant times, the Defendant, City of Methuen, through its  Mayor, Steven Zanni, and acting within his official capacity as Mayor made negligent statements to the press regarding Plaintiff Eduard Orta-Ruiz being "Dangerous."

37. Defendant, City of Methuen, has a duty to be truthful and accurate when speaking about a private citizen when communicating to the press.

38. Defendant, City of Methuen, through its Mayor, breached that duty when it  failed to exercise reasonable due diligence, by checking the facts of Plaintiff's arrest prior to giving as statement to the press regarding Plaintiff's Dangerousness.

39. Defendant, City of Methuen,  Mayor, Steven Zanni's, statement to the press alleging Plaintiff was Dangerous was negligent and  was the proximate cause of Plaintiff's physical suffering.

40. As a result thereof, Plaintiff, Eduard Orta Ruiz, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Eduard Orta Ruiz, respectfully requests this Honorable Court to award judgment against the Defendant, Steven Zanni, together with costs and actual and compensatory damages, Interest and attorney Fees.

## COUNT II
## INTENTIONAL  INFLICTION OF EMOTIONAL DISTRESS  V.  STEPHEN ZANNI

41. Plaintiff, Eduard Orta Ruiz, incorporates by reference the allegations set forth in paragraphs 1 through 40 of this Complaint as if set out in full herein.

42. At all relevant times, the Defendant, Mayor, Steven Zanni, and acting within his official capacity as Mayor made intentional statements to the press regarding Plaintiff Eduard Orta-Ruiz being "Dangerous."

43. Defendant, Mayor, Steven Zanni,  has a duty to be truthful and accurate when speaking about a private citizen when communicating to the press.

44.     Defendant, Mayor, Steven Zanni,  breached that duty when he  failed to exercise reasonable due diligence, by checking the facts of Plaintiff's arrest prior to giving as statement to the press

regarding Plaintiff's Dangerousness.

45. Defendant, Mayor, Steven Zanni's, statement to the press alleging Plaintiff was "Dangerous" was intentional and was the proximate cause of Plaintiff's physical suffering.

46. Defendant, Mayor, Steven Zanni, intended to inflict severe emotional distress, or knew or should have known that severe emotional distress was the likely result of his statement that Plaintiff Eduard Orta-Ruiz was "Dangerous".

47. Defendant, Mayor, Steven Zanni, conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community, and of such kind that a reasonable person would not be expected to endure without emotional distress.

48. The actions of the Defendant, Mayor, Steven Zanni, caused Plaintiff to sustain serious emotional distress.

49. The emotional distress suffered by Plaintiff, Eduard Orta-Ruiz, was severe and of such a nature that no reasonable person could be expected to endure it."

50. As a result thereof, Plaintiff, Eduard Orta Ruiz, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Eduard Orta Ruiz, respectfully requests this Honorable Court to award judgment against the Defendant, Steven Zanni, together with costs and actual and compensatory damages, Interest and attorney Fees .

## COUNT III
## DENIAL OF U.S. CONSTITUTIONAL RIGHTS:
## VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT (
## v. ALEXANDER RICHMOND)

51. Plaintiff, Eduard Orta Ruiz, incorporates by reference the allegations set forth in paragraphs 1 through 50 of this Complaint as if set out in full herein..

52. Plaintiff, Eduard Orta Ruiz, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes not being subjected to false arrest.

53. The actions of Defendant, Alexander Richmond, while acting within the scope of his employment and under the authority and color of state law, included the arresting and imprisoning Plaintiff, Eduard Orta Ruiz, against the latter's will, and was done so without probable cause or a reasonable belief that the Plaintiff had committed a crime, violating, Plaintiff, Eduard Orta Ruiz's, civil rights

as guaranteed by the United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983

54. As a result thereof, Plaintiff, Eduard Orta Ruiz, was injured, has been prevented from engaging in his normal activities for a substantial period of time and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Eduard Orta Ruiz, demands judgment against Defendant, Alexander Richmond, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT IV
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT:
### VIOLATION OF M.G.L.c. 12 Section 11I
### (v. ALEXANDER RICHMOND)

55. Plaintiff, Eduard Orta Ruiz, incorporates by reference the allegations set forth in paragraphs 1 through 54 of this Complaint as if set out in full herein..

56. Plaintiff, Eduard Orta Ruiz, pursuant to the Massachusetts Civil Rights Act has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

57. The actions of Defendant, Alexander Richmond, while acting within the scope of his employment and under the authority and color of state law, included the arresting and imprisoning Plaintiff, Eduard Orta Ruiz, against the latter's will, and was done so without probable cause or a reasonable belief that the Plaintiff had committed a crime, violating, Plaintiff, Eduard Orta Ruiz's, civil rights as guaranteed by the Massachusetts Civil Rights Act in violation of M.G.L.c 12 Section 11I.

58. As a result thereof, Plaintiff, Eduard Orta Ruiz, was injured, has been prevented from engaging in his normal activities for a substantial period of time and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Eduard Orta Ruiz, demands judgment against Defendant, Alexander Richmond, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT V
## DENIAL OF U.S. CONSTITUTIONAL RIGHTS:
## VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT v. DARIO MANON

59. Plaintiff, Eduard Orta Ruiz, incorporates by reference the allegations set forth in paragraphs 1 through **58** of this Complaint as if set out in full herein..

60. Plaintiff, Eduard Orta Ruiz, pursuant to the Fourth Amendment of the United States Constitution has a right to be free from unreasonable search and seizures which includes not being subjected to false arrest.

61. The actions of Defendant, Dario Manon, while acting within the scope of his employment and under the authority and color of state law, included the arresting and imprisoning Plaintiff, Eduard Orta Ruiz, against the latter's will, and was done so without probable cause or a reasonable belief that the Plaintiff had committed a crime, violating, Plaintiff, Eduard Orta Ruiz's, civil rights as guaranteed by the United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983

62. As a result thereof, Plaintiff, Eduard Orta Ruiz, was injured, has been prevented from engaging in his normal activities for a substantial period of time and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Eduard Orta Ruiz, demands judgment against Defendant, Dario Manon, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT VI
### VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT:
### VIOLATION OF M.G.L.c. 12 Section 11I
### (v. DARIO MANON)

63. Plaintiff, Eduard Orta Ruiz, incorporates by reference the allegations set forth in paragraphs 1 through 62 of this Complaint as if set out in full herein..

63. Plaintiff, Eduard Orta Ruiz, pursuant to the Massachusetts Civil Rights Act has a right to be free from unreasonable search and seizures which includes the use of excessive force during arrest.

64. The actions of Defendant, David Souther, while acting within the scope of his employment and under the authority and color of state law, included the arresting and imprisoning Plaintiff, Eduard Orta Ruiz, against the latter's will, and was done so without probable cause or a reasonable belief that the Plaintiff had committed a crime, violating, Plaintiff, Eduard Orta Ruiz's, civil rights as guaranteed by the Massachusetts Civil Rights Act in violation of M.G.L.c 12 Section 11I.

65. As a result thereof, Plaintiff, Eduard Orta Ruiz, was injured, has been prevented from engaging in his normal activities for a substantial period of time and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Eduard Orta Ruiz, demands judgment against Defendant, Dario Manon, in an amount which this Honorable Court deems just and reasonable, plus costs, interest, attorney fees and punitive damages.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS V. LISA KASHINSKY

66. Plaintiff, Eduard Orta Ruiz, incorporates by reference the allegations set forth in paragraphs 1 through 65 of this Complaint as if set out in full herein.

67. At all relevant times, the Defendant, Lisa Kashinsky, was an Employee of the Eagle Tribune when she intentionally published Mayor Stephan Zanni's statement that Plaintiff Eduard Orta-Ruiz was "Dangerous."

68.    Defendant, Lisa Kashinsky,  has a duty to be truthful and accurate when publishing about a private citizen.

69. Defendant, Lisa Kashinsky, breached that duty when she  failed to exercise reasonable due diligence, by checking the facts of Plaintiff's arrest prior to publishing an article  regarding Plaintiff's Dangerousness.

70. Defendant, Lisa Kashinsky's, published statement that Plaintiff was "Dangerous" was intentional and  was the proximate cause of Plaintiff's physical suffering.

71. Defendant, Lisa Kashinsky's, intended to inflict severe emotional distress, or knew or should have known that severe emotional distress was the likely result of her statement that Plaintiff Eduard Orta-Ruiz was "Dangerous".

72. Defendant, Lisa Kashinsky's,  conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community, and of such kind that a reasonable person would not be expected to endure without emotional distress.

73. The actions of the Defendant, Lisa Kashinsky, caused Plaintiff to sustain serious emotional distress.

74. The emotional distress suffered by Plaintiff, Eduard Orta-Ruiz, was severe and of such a nature that no reasonable person could be expected to endure it."

75. As a result thereof, Plaintiff, Eduard Orta Ruiz, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Eduard Orta Ruiz, respectfully requests this Honorable Court to award judgment against the Defendant, Lisa Kashinsky, together with costs and actual and compensatory damages, Interest and attorney Fees .

## COUNT VIII
## BREACH OF DUTY TO MITIGATE DAMAGES V. LISA KASHINSKY

76. Plaintiff, Eduard Orta Ruiz, incorporates by reference the allegations set forth in paragraphs 1 through 75 of this Complaint as if set out in full herein.

77. At all relevant times, the Defendant, Lisa Kashinsky, was an Employee of the Eagle Tribune when she intentionally published Mayor Stephan Zanni's false statement that Plaintiff Eduard Orta-Ruiz was "Dangerous" and Falsely implied that Plaintiff, Eduard Orta Ruiz had engaged in robbery.

78. Defendant, Lisa Kashinsky, has a duty to correct her erroneous publication that Plaintiff, Eduard Orta Ruiz, was "Dangerous" and her implication that Plaintiff, Eduard Orta Ruiz had engaged in robbery .

79. Defendant, Lisa Kashinsky, breached that duty when she failed to publish an article which indicated the Court cleared Plaintiff, Eduard Orta Ruiz.

80. The failure of Defendant, Lisa Kashinsky, caused Plaintiff to continue to sustain serious emotional distress after the dismissal of the charges against Plaintiff.

81. As a result thereof, Plaintiff, Eduard Orta Ruiz, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Eduard Orta Ruiz, respectfully requests this Honorable Court to award judgment against the Defendant, Lisa Kashinsky, together with costs and actual and compensatory damages, Interest and attorney Fees .

## COUNT XI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS V. EAGLE TRIBUNE

82. Plaintiff, Eduard Orta Ruiz, incorporates by reference the allegations set forth in paragraphs 1 through 81 of this Complaint as if set out in full herein.

83. At all relevant times, the Defendant, Lisa Kashinsky, was an Employee of Defendant, Eagle Tribune, when it intentionally published Mayor Stephan Zanni's statement that Plaintiff Eduard

Orta-Ruiz was "Dangerous."

84. Defendant, Eagle Tribune, has a duty to be truthful and accurate when publishing about a private citizen.

85. Defendant, Eagle Tribune, breached that duty when it failed to exercise reasonable due diligence, by checking the facts of Plaintiff's arrest prior to publishing an article regarding Plaintiff's Dangerousnes.

86. Defendant, Eagle Tribune, published statement that Plaintiff was "Dangerous" was intentional and was the proximate cause of Plaintiff's physical suffering.

87. Defendant, Eagle Tribune, intended to inflict severe emotional distress, or knew or should have known that severe emotional distress was the likely result of its statement that Plaintiff Eduard Orta-Ruiz was "Dangerous".

88. Defendant, Eagle Tribune's, conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community, and of such kind that a reasonable person would not be expected to endure without emotional distress.

89. The actions of the Defendant, Eagle Tribune, caused Plaintiff to sustain serious emotional distress.

90. The emotional distress suffered by Plaintiff, Eduard Orta-Ruiz, was severe and of such a nature that no reasonable person could be expected to endure it."

91. As a result thereof, Plaintiff, Eduard Orta Ruiz, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Eduard Orta Ruiz, respectfully requests this Honorable Court to award judgment against the Defendant, Eagle Tribune, together with costs and actual and compensatory damages, Interest and attorney Fees .

## COUNT X
### BREACH OF DUTY TO MITIGATE DAMAGES V. EAGLE TRIBUNE

92. Plaintiff, Eduard Orta Ruiz, incorporates by reference the allegations set forth in paragraphs 1 through 91 of this Complaint as if set out in full herein.

93. At all relevant times, the Defendant, Eagle Tribune when she intentionally published Mayor Stephan Zanni's false statement that Plaintiff Eduard Orta-Ruiz was "Dangerous" and falsely implied that Plaintiff, Eduard Orta Ruiz had engaged in robbery.

94. Defendant, Eagle Tribune, has a duty to correct its erroneous publication that Plaintiff, Eduard Orta Ruiz, was "Dangerous" and its implication that Plaintiff, Eduard Orta Ruiz had engaged in robbery .

95. Defendant, Eagle Tribune, breached that duty when it failed to publish an article which indicated the Court dismissed all charges against Plaintiff, Eduard Orta Ruiz.

96. The failure of Defendant, Defendant, Eagle Tribune, caused Plaintiff to continue to sustain serious emotional distress after the dismissal of the charges against Plaintiff.

97. As a result thereof, Plaintiff, Eduard Orta Ruiz, was injured, has incurred expenses for medical care and attendance and has been prevented from engaging in his normal activities for a substantial period of time and will continue to incur expenses for medical care and attendance and will be prevented from engaging in his normal activities for a substantial period of time and as long as he lives, and has suffered great pain of body and anguish of mind, and will continue to suffer great pain of body and anguish of mind.

WHEREFORE, Plaintiff, Eduard Orta Ruiz, respectfully requests this Honorable Court to award judgment against the Defendant, Eagle Tribune, together with costs and actual and compensatory damages, Interest and attorney Fees .

**PLAINTIFF HEREBY CLAIM A JURY TRIAL IN THE SUPERIOR COURT**

Respectfully submitted,
The Plaintiff, EDUARD ORTA RUIZ,
By His Attorney,

Daniel M. Hutton, Esquire
Law Office of Daniel M. Hutton, P.C.
Two Cabot Place, Unit 7
Stoughton, MA 02072
(781) 344-4477
BBO No: 631845

DATED: August 18, 2020

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MAYORS OFFICE
ATTN: HON JAMES P. JAKKA
SEARLES BUILDING
41 PLEASANT ST, Room 300
METHUEN, MA 01884

9590 9403 0534 5173 5409 25

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☒ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Michele Ambra                   8/9/19

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7019 0140 0001 0417 2843

PS Form 3811, April 2015 PSN 7530-02-000-9053        Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CITY SOLICITOR OF METHUED
ATTN: RICHARD D'AGOSTINO
SEARLES BUILDING
41 PLEASANT ST., Room 311
METHUEN, MA 01844

9590 9403 0534 5173 5409 01

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☒ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
ARTEL RANDAZZO                  8/7/19

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise

2. Article Number
7019 0

PS Form 3811,        Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OFFICE OF THE CITY CLERK
ATTN: JOHN J. WILSON
SEARLES BUILDING
41 PLEASANT ST., Room 112
METHUEN, MA 01844

9590 9403 0534 5173 5408 95

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X MM Robie        ☒ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
MM RUBINO                      8/7/19

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7019 0140 0001 0417 2829

# DANIEL M. HUTTON, ESQ.

*Attorney at Law*
Two Cabot Place, Unit 7
Stoughton, Massachusetts  02072

Telephone  (781) 344-4477                    Facsimile (781) 344-4880

August 5, 2019

Honorable  James P. Jajuga
Mayor's Office
Searles Building
41 Pleasant St, Room 306
Methuen, MA, 01844

**Re: My Client:  Eduard Orta Ruiz**
    **Your Client: Methuen Police Department, the Mayor of Methuen, Stephen Zannik  and**
                **various subsequently named  officers**
    **DOL:8/19/2017**
    **SOL:8/19/2019-Presentment letter-M.G.L. c. 258, §4**

Dear Honorable  James P. Jajuga ,

    Greetings!   Please allow this presentment letter to serve as  a formal demand made in
compliance with M.G.L.c. 258, Section 4, on behalf of my client, Mr. Eduard Orta Ruiz.

    As you know, General Laws c. 258, § 4, provides, in pertinent part, that "[a] civil action
shall not be instituted against a public employer on a claim for damages under this chapter unless
the claimant shall have first presented his claim in writing to the executive officer of such public
employer within two years after the date upon which the cause of action arose. . . ." Presentment
must be made "in strict compliance with the statute."*Weaver* v. *Commonwealth,* 387 Mass. 43, 47
(1982). *Lodge* v. *District Attorney for the Suffolk Dist.,* 21 Mass. App. Ct. 277, 284 (1985).
"Presentment ensures that the responsible public official receives notice of the claim so that that
official can investigate to determine whether or not a claim is valid, preclude payment of inflated
or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar
claims will not be brought in the future."*Lodge* v. *District Attorney for the Suffolk Dist., supra* at
283.
    Therefore, I will a) attempt to lay out with precision a fact pattern and Mr. Ortega's Legal
Claims.  Additionally should statement be so cryptic that you are unable to investigate to
determine whether or not Mr. Orta-Ruiz's claim is valid, I invite you to call me at the above
telephone number so that I may provide you with the evidence in my possession and answer any
questions you may have.

## I.     FACTS

    On or about August 19, 2017,  one Bin Qiu was the victim of an assault and an attempted

armed robbery at gunpoint while she was standing outside of her vehicle Outside the China Star Restaurant.  Ms. Qiu's husband, Daniel Nunez briefly struggled with the would be robber until the robber broke free and fled. According to Ms. Qiu  and/or other witnesses, the assailant and would be robber had dark skin. Ms. Qiu described, her assailant and assaulter was a large Hispanic male. Mr. Nunez indicated the attempted robber was about 5'10".

LET ME BE CLEAR, my client Eduard Orta Ruiz, is light skinned (he has a German-American mother) and is 6'0" tall.  At all times relevant, Mr. Orta Ruiz was in his home at 249 Ferry St, Methuen, MA and wearing an electronic bracelet provided by 3M Electronic Monitoring.  This was fact was relayed by 3M Electronic Monitoring 's employee to the Police . Specifically, the Police were told that Monitor's GPS tracking showed that Mr. Orta Ruiz had been for the entire relevant period within the 38 foot area that he was allowed to be.  When told by the Police he fit the description of the suspect, Mr. Orta Ruiz inquired how so?  The response was he was a large Hispanic male. This perplexed  Mr. Orta Ruiz as he speaks with no Spanish accent and does not look the part of stereotypical Hispanic.[1]  Mr. Ortiz argued that the only way the victim could have known he was Hispanic, is if she had had access to his name, which had he actually been the would be robber he would never have provided the victim. Despite the ample evidence that Mr. Orta Ruiz was not the would be robber, Mr. Ruiz was not only arrested....he was falsely arrested by one Officer Alexander Richmond or Officer Souther or Officer Manon (the Police Report is confusing to that point and is attached as Exhibit 1 for your benefit in aiding your investigation and Mr. Ortiz incorporates it in its entirety into this Presentment Letter).

The Methuen Police were not done.  Next, Kilo the wonder dog, the Police Chief, Joseph Solomon and even the Mayor, Stephen Zanni, had their day in the sun at my client's expense. More precisely, the Eagle  Tribune printed an article on the incident.  Said the Police Chief, "Thanks to the quick work of responding officers and K-9 Kilo,  were able to apprehend this suspect without any further incident;I am very proud of the strong police work on this case." Not to be out done, the good mayor called the police dog-led arrest 'another proud moment for the City of Methuen as a DANGEROUS suspect has been taken off of the streets." (I guess in the Age of Trump our politicians no longer believe in "innocent until proven guilty" and the idea of not contaminating the jury pool so that a fair trial can occur is merely a noble but dying sentiment and not a constitutional right).  (To aid in your investigation I am attaching a copy of the Eagle Tribune article (See Exhibit 2,  which again is attached for for your benefit in aiding your investigation and Mr. Ortiz Incorporates it in its entirety into this Presentment Letter). (Don't worry, my client intends to also file suit against writer Lisa Kashinsky and the Eagle Tribune for the patently false and libelous accusations the she furthered, and wrote and it printed).

---

1  In the U.S. And the rest of the world, Latin Americans are incorrectly perceived as a race with a stereotypical mixed race appearance personified by a Mestizo or Mulatto look, which conjures up and image of a person with brown skin, dark eyes and dark hair when in actuality Latinos are an ethnicity made up of numerous races and not just mixed  race peoples, It's because of this reason that more often than not White, Black, Asian, and to a lesser extent Indigenous Latinos are underrepresented or entirely dismissed in society when it comes to Latino narrative as it is incorrectly believed that they don't belong to Latin culture or the Latino identity. https://en.wikipedia.org/wiki/Stereotypes_of_Hispanic_ and_Latino_Americans_in_the_United_States

## II. MEDICAL TREATMENT

As a direct result of the arrest and the criminal charges brought against Mr. Orta Ruiz, he suffered from depression. He was treated for depression by Ernesto Zilberberg, MD, 170 Common Street, Suite 215, Lawrence, MA 01840 and at the Mike Whit Therapy (508) 769-1148

## III.   DISABILITY PERIOD

Mr. Orta Ruiz suffered extreme emotional distress as a result of this incident. After the arrest and news paper article He became of figure of suspicion and concern within his neighborhood. To date neither the Methuen Police nor the Eagle Tribune have rectified their error (Mitigated Damages) by telling the public that my client was not a dangerous suspect taken off of the streets but rather wrongfully charged, innocent man, (In fact, the trial judge made it a point to apologize to my client for the entire episode) My client suffered from the stress caused by this incident from the date of the arrest until the present date. He is still viewed with suspicion by anyone who reads about him on the internet.

## IV.   LEGAL THEORIES OF LIABILITY

My client was the victim of a Wrongful Arrest, and False Imprisonment in clear violation of his Civil Rights guaranteed by both the United States Constitution and the Massachusetts Constitution. Specifically, Mr. Orta Ruiz refers to his civil rights as guaranteed by the United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983. He was the victim of Negligent Infliction of Emotional Distress by the various actors identified above, and provided the mayor engaged in conduct which was outside the scope of his mayoral duties (and thus, loosing his immunity) when he made his comments to the Eagle Tribune, Intentional Infliction of Emotional Distress. Clearly, there is also a Defamation (Slander and Libel) cause of Action.

## V.   DEMAND

In light of the medical bills, lost income, injuries, and disability period, denial of Massachusetts and Federal Constitutional, Mr. Orrta-Ruiz demands $20,000.00 in full.

Respectfully,

_____
Daniel M. Hutton, Esq.
The Law Offices Daniel M. Hutton
Two Cabot Place, Unit 7
Stoughton, MA  02072
(781) 344-4477
BBO No: 631845

Sent Via  Certified Mail # 7019 01400001 0417 2843

# DANIEL M. HUTTON, ESQ.

*Attorney at Law*
Two Cabot Place, Unit 7
Stoughton, Massachusetts  02072

Telephone  (781) 344-4477                          Facsimile (781) 344-4880

August 5, 2019

Richard J. D'Agostino
Office of the City Solicitor
Searles Building
41 Pleasant St, Room 311
Methuen, MA, 01844

**Re: My Client:  Eduard Orta Ruiz**
   **Your Client: Methuen Police Department, the Mayor of Methuen, Stephen Zannik  and**
              **various subsequently named  officers**
     **DOL:8/19/2017**
     **SOL:8/19/2019-Presentment letter-M.G.L. c. 258, §4**

Dear City Solicitor D'Agostino,

   Greetings!   Please allow this presentment letter to serve as  a formal demand made in compliance with M.G.L.c. 258, Section 4, on behalf of my client, Mr. Eduard Orta Ruiz.

   As you know, <u>General Laws c. 258, § 4</u>, provides, in pertinent part, that "[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose. . . ." Presentment must be made "in strict compliance with the statute."*Weaver* v. *Commonwealth,* <u>387 Mass. 43, 47 (1982)</u>. *Lodge* v. *District Attorney for the Suffolk Dist.,* <u>21 Mass. App. Ct. 277, 284 (1985)</u>. "Presentment ensures that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future."*Lodge* v. *District Attorney for the Suffolk Dist., supra* at 283.
   Therefore, I will a) attempt to lay out with precision a fact pattern and Mr. Ortega's Legal Claims.  Additionally should statement be so cryptic that you are unable to investigate to determine whether or not Mr. Orta-Ruiz's claim is valid, I invite you to call me at the above telephone number so that I may provide you with the evidence in my possession and answer any questions you may have.

## I.     FACTS

On or about August 19, 2017,  one Bin Qiu was the victim of an assault and an attempted

armed robbery at gunpoint while she was standing outside of her vehicle Outside the China Star Restaurant.  Ms. Qiu's husband, Daniel Nunez briefly struggled with the would be robber until the robber broke free and fled.  According to Ms. Qiu  and/or other witnesses, the assailant and would be robber had dark skin. Ms. Qiu described, her assailant and assaulter was a large Hispanic male. Mr. Nunez indicated the attempted robber was about 5'10".

LET ME BE CLEAR, my client Eduard Orta Ruiz, is light skinned (he has a German-American mother) and is 6'0" tall.  At all times relevant, Mr. Orta Ruiz was in his home at 249 Ferry St, Methuen, MA and wearing an electronic bracelet provided by 3M Electronic Monitoring.  This was fact was relayed by  3M Electronic Monitoring 's employee to the Police . Specifically, the Police were told that Monitor's GPS tracking showed that Mr. Orta Ruiz had been for the entire relevant period within the 38 foot area that he was allowed to be.  When told by the Police he fit the description of the suspect, Mr. Orta Ruiz inquired how so?  The response was he was a large Hispanic male. This perplexed  Mr. Orta Ruiz as he speaks with no Spanish accent and does not look the part of stereotypical Hispanic.[2]  Mr. Ortiz argued that the only way the victim could have known he was Hispanic, is if she had had access to his name, which had he actually been the would be robber he would never have provided the victim.  Despite the ample evidence that Mr. Orta Ruiz was not the would be robber,  Mr. Ruiz was not only arrested....he was falsely arrested by one Officer Alexander Richmond or Officer Souther or Officer Manon (the Police Report is confusing to that point and is attached as Exhibit 1 for your benefit in aiding your investigation and Mr. Ortiz incorporates it in its entirety into this Presentment Letter).

The Methuen Police were not done.  Next, Kilo the wonder dog, the Police Chief, Joseph Solomon and even the Mayor, Stephen Zanni, had their day in the sun at my client's expense. More precisely, the Eagle  Tribune printed an article on the incident.  Said the Police Chief, "Thanks to the quick work of responding officers and K-9 Kilo,  were able to apprehend this suspect without any further incident;I am very proud of the strong police work on this case." Not to be out done, the good mayor called the police dog-led arrest 'another proud moment for the City of Methuen as a DANGEROUS suspect has been taken off of the streets." (I guess in the Age of Trump our politicians no longer believe in "innocent until proven guilty" and the idea of not contaminating the jury pool so that a fair trial can occur is merely a noble but dying sentiment and not a constitutional right).  (To aid in your investigation I am attaching a copy of the Eagle Tribune article (See Exhibit 2,  which again is attached for for your benefit in aiding your investigation and Mr. Ortiz Incorporates it in its entirety into this Presentment Letter). (Don't worry, my client intends to also file suit against writer Lisa Kashinsky and the Eagle Tribune for the patently false and libelous accusations the she furthered, and wrote and it printed).

---

2   In the U.S. And the rest of the world, Latin Americans are incorrectly perceived as a race with a stereotypical mixed race appearance personified by a Mestizo or Mulatto look, which conjures up and image of a person with brown skin, dark eyes and dark hair when in actuality Latinos are an ethnicity made up of numerous races and not just mixed  race peoples, It's because of this reason that more often than not White, Black, Asian, and to a lesser extent Indigenous Latinos are underrepresented or entirely dismissed in society when it comes to Latino narrative as it is incorrectly believed that they don't belong to Latin culture or the Latino identity. https://en.wikipedia.org/wiki/Stereotypes_of_Hispanic_ and_Latino_Americans_in_the_United_States

## II.   MEDICAL TREATMENT

As a direct result of the arrest and the criminal charges brought against Mr. Orta Ruiz, he suffered from depression.  He was treated for depression by Ernesto Zilberberg, MD,  170 Common Street, Suite 215, Lawrence, MA 01840  and at the Mike Whit Therapy (508) 769-1148

## III.   DISABILITY PERIOD

Mr. Orta Ruiz suffered extreme emotional distress as a result of this incident.  After the arrest and news paper article He became of figure of suspicion and concern within his neighborhood.  To date neither the Methuen Police nor the Eagle Tribune have rectified their error (Mitigated Damages) by telling the public that my client was not a dangerous suspect taken off of the streets but rather wrongfully charged, innocent man, (In fact, the trial judge made it a point to apologize to my client for the entire episode)  My client suffered from the stress caused by this incident from the date of the arrest until the present date.  He is still viewed with suspicion by anyone who reads about him on the internet.

## VI.   LEGAL THEORIES OF LIABILITY

My client was the victim of a Wrongful Arrest, and False Imprisonment in clear violation of his Civil Rights guaranteed by both the United States Constitution and the Massachusetts Constitution.  Specifically, Mr. Orta Ruiz refers to his civil rights as guaranteed by the  United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983.  He was the victim of Negligent Infliction of Emotional Distress by the various actors identified above, and provided the mayor engaged in conduct which was outside the scope of his mayoral duties (and thus, loosing his immunity) when he made his comments  to the Eagle Tribune,  Intentional Infliction of Emotional Distress.  Clearly, there is also a Defamation (Slander and Libel) cause of Action.

## VII.   DEMAND

In light of the medical bills, lost income, injuries, and disability period, denial of Massachusetts and Federal Constitutional,  Mr. Orrta-Ruiz demands $20,000.00 in full.

Respectfully,

_____

Daniel M. Hutton, Esq.
The Law Offices Daniel M. Hutton
Two Cabot Place, Unit 7
Stoughton, MA  02072
(781) 344-4477
BBO No: 631845

Sent Via  Certified Mail # # 7019 01400001 0417 2836

# DANIEL M. HUTTON, ESQ.

*Attorney at Law*
Two Cabot Place, Unit 7
Stoughton, Massachusetts  02072

Telephone  (781) 344-4477                    Facsimile (781) 344-4880

August 5, 2019

John J. Wilson
Office of the City Clerk
Searles Building
41 Pleasant St, Room 112
Methuen, MA, 01844

**Re: My Client:  Eduard Orta Ruiz**
**Your Client: Methuen Police Department, the Mayor of Methuen, Stephen Zannik  and**
**various subsequently named  officers**
**DOL:8/19/2017**
**SOL:8/19/2019-Presentment letter-M.G.L. c. 258, §4**

Dear City Clerk John J. Wilson,

Greetings!   Please allow this presentment letter to serve as  a formal demand made in compliance with M.G.L.c. 258, Section 4, on behalf of my client, Mr. Eduard Orta Ruiz.

As you know, General Laws c. 258, § 4, provides, in pertinent part, that "[a] civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose. . . ." Presentment must be made "in strict compliance with the statute."*Weaver* v. *Commonwealth,* 387 Mass. 43, 47 (1982). *Lodge* v. *District Attorney for the Suffolk Dist.,* 21 Mass. App. Ct. 277, 284 (1985). "Presentment ensures that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future."*Lodge* v. *District Attorney for the Suffolk Dist., supra* at 283.

Therefore, I will a) attempt to lay out with precision a fact pattern and Mr. Ortega's Legal Claims.  Additionally should statement be so cryptic that you are unable to investigate to determine whether or not Mr. Orta-Ruiz's claim is valid, I invite you to call me at the above telephone number so that I may provide you with the evidence in my possession and answer any questions you may have.

## I.     FACTS

On or about August 19, 2017,  one Bin Qiu was the victim of an assault and an attempted

armed robbery at gunpoint while she was standing outside of her vehicle Outside the China Star Restaurant.  Ms. Qiu's husband, Daniel Nunez briefly struggled with the would be robber until the robber broke free and fled.  According to Ms. Qiu  and/or other witnesses, the assailant and would be robber had dark skin. Ms. Qiu described, her assailant and assaulter was a large Hispanic male. Mr. Nunez indicated the attempted robber was about 5'10".

LET ME BE CLEAR, my client Eduard Orta Ruiz, is light skinned (he has a German-American mother) and is 6'0" tall.   At all times relevant, Mr. Orta Ruiz was in his home at 249 Ferry St, Methuen, MA and wearing an electronic bracelet provided by 3M Electronic Monitoring.  This was fact was relayed by  3M Electronic Monitoring 's employee to the Police . Specifically, the Police were told that Monitor's GPS tracking showed that Mr. Orta Ruiz had been for the entire relevant period within the 38 foot area that he was allowed to be.  When told by the Police he fit the description of the suspect, Mr. Orta Ruiz inquired how so?  The response was he was a large Hispanic male.  This perplexed Mr. Orta Ruiz as he speaks with no Spanish accent and does not look the part of stereotypical Hispanic.[3]  Mr. Ortiz argued that the only way the victim could have known he was Hispanic, is if she had had access to his name, which had he actually been the would be robber he would never have provided the victim.  Despite the ample evidence that Mr. Orta Ruiz was not the would be robber, Mr. Ruiz was not only arrested....he was falsely arrested by one Officer Alexander Richmond or Officer Souther or Officer Manon (the Police Report is confusing to that point and is attached as Exhibit 1 for your benefit in aiding your investigation and Mr. Ortiz incorporates it in its entirety into this Presentment Letter).

The Methuen Police were not done.  Next, Kilo the wonder dog, the Police Chief, Joseph Solomon and even the Mayor, Stephen Zanni, had their day in the sun at my client's expense.  More precisely, the Eagle  Tribune printed an article on the incident.  Said the Police Chief, "Thanks to the quick work of responding officers and K-9 Kilo,  were able to apprehend this suspect without any further incident;I am very proud of the strong police work on this case."  Not to be out done, the good mayor called the police dog-led arrest 'another proud moment for the City of Methuen as a DANGEROUS suspect has been taken off of the streets."  (I guess in the Age of Trump our politicians no longer believe in "innocent until proven guilty" and the idea of not contaminating the jury pool so that a fair trial can occur is merely a noble but dying sentiment and not a constitutional right).  (To aid in your investigation I am attaching a copy of the Eagle Tribune article (See Exhibit 2,  which again is attached for your benefit in aiding your investigation and Mr. Ortiz Incorporates it in its entirety into this Presentment Letter).  (Don't worry, my client intends to also file suit against writer Lisa Kashinsky and the Eagle Tribune for the patently false and libelous accusations the she furthered, and wrote and it printed).

---

3   In the U.S. And the rest of the world, Latin Americans are incorrectly perceived as a race with a stereotypical
   mixed race appearance personified by a Mestizo or Mulatto look, which conjures up and image of a person with
   brown skin, dark eyes and dark hair when in actuality Latinos are an ethnicity made up of numerous races and
   not just mixed  race peoples, It's because of this reason that more often than not White, Black, Asian, and to a
   lesser extent Indigenous Latinos are underrepresented or entirely dismissed in society when it comes to Latino
   narrative as it is incorrectly believed that they don't belong to Latin culture or the Latino identity.
   https://en.wikipedia.org/wiki/Stereotypes of Hispanic  and Latino Americans in the United States

## II. MEDICAL TREATMENT

As a direct result of the arrest and the criminal charges brought against Mr. Orta Ruiz, he suffered from depression.  He was treated for depression by Ernesto Zilberberg, MD,  170 Common Street, Suite 215, Lawrence, MA 01840  and at the Mike Whit Therapy (508) 769-1148

## III.     DISABILITY PERIOD

Mr. Orta Ruiz suffered extreme emotional distress as a result of this incident.  After the arrest and news paper article He became of figure of suspicion and concern within his neighborhood.  To date neither the Methuen Police nor the Eagle Tribune have rectified their error (Mitigated Damages) by telling the public that my client was not a dangerous suspect taken off of the streets but rather wrongfully charged, innocent man, (In fact, the trial judge made it a point to apologize to my client for the entire episode)  My client suffered from the stress caused by this incident from the date of the arrest until the present date.  He is still viewed with suspicion by anyone who reads about him on the internet.

## VIII.   LEGAL THEORIES OF LIABILITY

My client was the victim of a Wrongful Arrest, and False Imprisonment in clear violation of his Civil Rights guaranteed by both the United States Constitution and the Massachusetts Constitution.  Specifically, Mr. Orta Ruiz refers to his civil rights as guaranteed by the  United States Constitution and as such is responsible for violating the Federal Civil Rights Act as defined in 42 U.S.C. § 1983.  He was the victim of Negligent Infliction of Emotional Distress by the various actors identified above, and provided the mayor engaged in conduct which was outside the scope of his mayoral duties (and thus, loosing his immunity) when he made his comments to the Eagle Tribune,  Intentional Infliction of Emotional Distress.  Clearly, there is also a Defamation (Slander and Libel) cause of Action.

## IX.     DEMAND

In light of the medical bills, lost income, injuries, and disability period, denial of Massachusetts and Federal Constitutional,  Mr. Orrta-Ruiz demands $20,000.00 in full.

Respectfully,

_____
Daniel M. Hutton, Esq.
The Law Offices Daniel M. Hutton
Two Cabot Place, Unit 7
Stoughton, MA  02072
(781) 344-4477
BBO No: 631845

Sent Via  Certified Mail # # 7019 01400001 0417 2829

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                  SUPERIOR COURT
                                            CIVIL ACTION NO:

EDUARD ORTA RUIZ,              )
          *Plaintiff*          )
                               )
v.                             )
                               )
STEVEN ZANNI, individually and )
in his official capacity as the Mayor )    **COUNSEL CERTIFICATION**
  of Methuen,                  )
CITY OF METHUEN,               )
ALEXANDER RICHMOND,            )
DARIO MANON,                   )
LISA KASHINSKY,  and           )
CNHI. INC.,                    )
          *Defendants*         )

FILED
ESSEX SUPERIOR COURT
2020 AUG 18 P 1: 21

        I am the attorney of record for Plaintiff in the above captioned matter.  In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute resolution (SJC Rule 1:18), which in part states: "Attorneys shall : provide their clients with this information about court-connected dispute resolution services: discuss with their clients the advantages and disadvantages of the various methods of dispute resolution: and certify their compliance with their clients the advantages and disadvantages of the various methods of dispute resolution: and certify their compliance with this requirement on the civil cover sheet or its equivalent... "

   **I hereby certify that I have complied with this requirement.**

                              Respectfully submitted,
                              By the Plaintiff,
                              EDUARD ORTA RUIZ,
                              By His Attorney

                              Daniel M. Hutton, Esquire
                              Law Office of Daniel M. Hutton, Esq
                              Two Cabot Place, Unit 7
                              Stoughton, MA  02072
                              (781) 344-4477
DATED:   August 18, 2020      BBO No: 631845

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO:

EDUARD ORTA RUIZ,
    *Plaintiff*

v.

STEVEN ZANNI, individually and in his official
  capacity as the Mayor of Methuen, CITY OF
METHUEN, ALEXANDER RICHMOND, DARIO
MANON, LISA KASHINSKY, & CNHI. INC.,
    *Defendants*

)
)
)
)
)
)
)
)
)
)

**APPOINTMENT OF
SPECIAL PROCESS SERVER
UNDER RULE 4C**

FILED
ESSEX SUPERIOR COURT
2020 AUG 18 P 21

     Now comes Plaintiff, Eduard Orta Ruiz, and respectfully moves pursuant to Rule 4C of the Massachusetts Rules of Civil Procedure that this Honorable Court appoint, **Jerold Loomis, Constable, and/or any of his employees, designee's or servants as process server in this matter,** qualified and knowledgeable persons in the service of all court process, limited to any and all pre-judgment service of process. The undersigned swears that to the best of his knowledge and belief the person to be appointed is eighteen years of age or over and is not a party in this case and a disinterested person.

The Plaintiff, EDUARD ORTA RUIZ,
By his Attorney

Daniel M. Hutton, Esq.
BBO No: 631845
Two Cabot Place, Unit 7
Stoughton, MA 02072
(781) 344-4477

# ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVER

THIS ACTION CAME ON FOR HEARING BEFORE THE Court,_____, presiding upon Plaintiff's Motion for appointment of a Person to Serve Process, and thereupon, consideration thereof, it is Ordered and Adjudged that: **Adam Loomis, Constable,** and/or any of his employees, designee's or servants are appointed Special Process Server for the express purpose of serving any and all prejudgment service of process in this action pursuant to Rule 4C of the Massachusetts Rules of Civil Procedure.

Dated;_____    by:_____

                                     Title:_____